**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LOUIS TATTA,**

                **Plaintiff,**            **05-CV-0071
                                                                               (GLS/DRH)**

                v.

**DR. LESTER WRIGHT, Associate
Commissioner of Health Services
for D.O.C.S.,**

                **Defendant.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**

LOUIS TATTA
Plaintiff, *Pro Se*
89-A-0004
Eastern New York Correctional Facility
Institutional Road
P.O. Box 338
Napanoch, New York 12458-0338

**FOR THE DEFENDANT:**

HON. ANDREW M. CUOMO            JAMES J. SEAMAN, ESQ.
Attorney General for the                Assistant Attorney General
State of New York
The Capitol
Albany, New York 12224-0341

**Gary L. Sharpe**

**U.S. District Judge**
## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Louis Tatta ("Tatta") brings this action pursuant to 42 U.S.C. § 1983. Tatta alleges that defendant Dr. Lester Wright ("Dr. Wright"), DOCS Chief Medical Officer, violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. *See Am. Compl.*; *Dkt. No 21*. Dr. Wright's motion for summary judgment was referred to Magistrate Judge David R. Homer for report and recommendation.[1] *See* Dkt. No. 23; *see also* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 723(c); Gen. Order No. 12, § D(1)(G). Judge Homer recommended that the complaint be dismissed in its entirety.

Pending are Tatta's specific, timely objections to Judge Homer's recommendation that the Eighth Amendment claim be dismissed, and that all of Tatta's claims be dismissed under the alternate theory of qualified immunity. The court reviews these objections *de novo* and the remainder of the report for clear error. *See Objection, Dkt. No. 29.* Upon careful consideration of the arguments, the relevant parts of the record, the

---

[1] The Clerk is directed to append Judge Homer's Report-Recommendation to this decision, and familiarity is presumed.

2

applicable law, and the additional reasons cited, the court adopts the Report-Recommendation.

## II. <u>Standard of Review</u>

A party's objection to the findings and recommendations of the Magistrate Judge must be filed within 10 days of receiving the Magistrate's recommendation and order.  *See Almonte v. N.Y. State Div. of Parole*, No. 9:04-CV-484, 2006 WL 149049, at *2-6 (N.D.N.Y. Jan. 18, 2006). Objections must be written and specific, which is to say they must "specify the findings and recommendations to which [the party] object[s], and the basis for their objections."  *Id.*  Objections must also be based on arguments raised initially before the Magistrate Judge.  *Id.*

Those recommendations and findings as to which the party has made timely, specific objection based on arguments raised before the Magistrate Judge must be reviewed *de novo*.  *Id.*  However, those recommendations and findings as to which the party has not made timely and/or specific objection are not entitled to any review, although the court may, in its discretion, elect to conduct a review nonetheless.  *Id.*  While a court may conduct a discretionary review under any standard it sees fit, this court has consistently applied a "clearly erroneous" standard.  *Id.*  Under this

standard a recommendation or finding of the Magistrate will be overturned only if "the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Id.* Objections based on arguments not raised as a matter of first impression before the Magistrate Judge are also not entitled to any review. *Id.* In such a situation the court may again elect to conduct a discretionary review, this time using a *de novo* standard as a matter of necessity, since the Magistrate has not had an opportunity to pass on the argument. *Id.*

### III. Discussion

**A.    Equal Protection and First Amendment Claims**

Judge Homer has recommended that Dr. Wright's motion for summary judgment be granted on Tatta's: (1) Equal Protection claim because it is based entirely on inadmissible hearsay, fails to allege different treatment between persons similarly situated, and puts forth no evidence of discriminatory animus; and (2) First Amendment claim because Tatta cannot "demonstrate he suffered any adverse action as a result of filing his grievances." *See R&R pgs. 10-13, Dkt. No. 28.* Since Tatta has failed to object to Judge Homer's recommendations on these claims in any form, he has procedurally defaulted. The court adopts Judge Homer's

4

recommendations of dismissal on the Equal Protection and First Amendment claims in their entirety as they are devoid of clear error.

## B. Eighth Amendment Claim

Tatta has specifically and timely objected to Judge Homer's recommendation that Wright's motion for summary judgment on Tatta's Eighth Amendment claim be granted. Thus, the court reviews the recommendation *de novo*.

An Eighth Amendment claim for denial of medical care under § 1983 requires that the prisoner put forth proof of "deliberate indifference to [his] serious medical needs" by the defendant. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "'[M]ere negligence in giving or failing to supply medical treatment alone' does not constitute a violation of the Eighth amendment ...." *Lugo v. Senkowski*, 114 F. Supp. 2d 111, 115 (N.D.N.Y. 2000) (quoting *Church v. Hegstrom*, 416 F.2d 449, 450-51 (2d Cir. 1969). The complaint "must suggest the possibility of some 'conduct that shocks the conscience,' or [a] 'barbarous act.'" *Church v. Hegstrom*, 416 F.2d 449, 450-51 (2d Cir. 1969) (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952); *Robinson v. California*, 370 U.S. 660, 676 (1962)).

Here, there is no dispute that Hepatitis C is a serious medical condition. Dr. Wright instead moves for summary judgment on the basis that Tatta has failed to show deliberate indifference to such condition. Tatta alleges that Dr. Wright failed to re-treat his Hepatitis C with Pegylated Interferon in combination with Ribavirin ("P Interferon"), for twenty-two months after Tatta was treated ineffectively with non-Pegylated Interferon with Ribavirin ("N Interferon"). *See Comp. ¶¶ 1, 18, Dkt. No. 21.* While retreatment with P Interferon was not FDA approved, Tatta asserts that "there was an exception to DOCS policy [that allowed approval of] medical treatments or re-treatments with non FDA approved drugs." *See Obj. ¶ 9, Dkt. No. 29.* It is Dr. Wright's failure to resort to such exception that Tatta claims exhibits deliberate indifference to his medical condition.

This court agrees with Judge Homer's finding that "[i]t was neither unreasonable nor indifferent for Dr. Wright to refuse a treatment not approved by the FDA." *See R&R pg. 8, Dkt. No. 28.* While there may have been an exception in DOCS policy which would have allowed Dr. Wright to treat Tatta with P Interferon, it was available only "in rare cases" where there were "circumstances that permit[ted] exceptions to the general policy." *See Resp. in Opp. to MSJ, Affirmation pgs. A66-67; Dkt. No. 24.*

6

Special circumstances that would warrant such an exception were not presented to Dr. Wright when the initial request for retreatment with P Interferon was put before him. *Id.* Subsequently, when he became aware of such circumstances, Dr. Wright approved Tatta's P Interferon retreatment. *Id.*

The decisions Dr. Wright made regarding treatment of Tatta's condition did not exhibit a deliberate indifference to Tatta's medical needs, but rather reasonable medical judgments based the information before him at the time. Viewing the facts in a light most favorable to Tatta, there is simply a dearth of any allegations of conduct that would rise to the level required to establish an Eighth Amendment violation.

### C.   **Qualified Immunity**

Because Tatta has specifically objected to Judge Homer's finding that Dr. Wright was entitled to qualified immunity, the court reviews this finding *de novo*.

Qualified immunity protects government officials from civil liability provided "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The court is in accord with

the finding of Judge Homer that Dr. Wright is entitled to qualified immunity as there is no statutory or constitutional violation.

### III.  Conclusion

Having reviewed the Report-Recommendation, and Tatta's specific objections *de novo*, the court adopts Judge Homer's recommendation that the complaint be dismissed in its entirety for the reasons he articulated and for the additional reasons articulated by this court .

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Judge Homer's August 17, 2007 Report-Recommendation (*Dkt. No. 28*) is accepted and adopted in its entirety; and it is further

**ORDERED** that the Clerk of the Court enter judgment and close this case; and it is further

**ORDERED** that the Clerk of Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

October 9, 2007
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge